UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ALLSTATE INSURANCE COMPANY and ALLSTATE INDEMNITY COMPANY, | ) ) ) ) |
| Plaintiffs, | ) ) No. 3:21-cv-00403 |
| v. | ) ) ) |
| JAMES EVANS III, | ) ) |
| Defendant. | ) ) |

## MEMORANDUM OPINION AND ORDER

The Clerk has entered default against Defendant James "Bo" Evans III under Federal Rule of Civil Procedure 55(a). (Doc. No. 25). Now before the Court is the Motion for Default Judgment filed by Plaintiffs Allstate Insurance Company and Allstate Indemnity Company (collectively, "Allstate") under Rule 55(b). (Doc. No. 28). The motion will be granted.

**I.    BACKGROUND**

Bo Evans allegedly shot and killed Stephen Lopez Jr. on April 9, 2020. (Doc. No. 1-1 ¶¶ 12–13, 24). The shooting occurred at the residence of James and Caren Evans, who are Bo Evans' parents. (Id. ¶ 14). Stephen Lopez Jr.'s father sued Bo, James, and Caren Evans in Rutherford County, Tennessee, based on the shooting. (See id. ¶¶ 1–4, 12–13, 24).

James Evans holds a homeowner insurance policy and a personal umbrella insurance policy with Allstate. (Doc. Nos. 1-2, 1-3). Allstate filed a complaint ("Complaint" or "Compl.") (Doc. No. 1) seeking a judicial determination that those policies do not obligate it to indemnify any

member of the Evans family in connection with the Rutherford County lawsuit.[1] (Id. ¶ 1). Allstate served Bo Evans with the Complaint on June 22, 2021. (Doc. No. 11). He did not file an answer.

The Clerk entered a Rule 55(a) default against Bo Evans on August 20, 2021. (Doc. No. 25). On October 4, 2021, Allstate moved the Court to enter a default judgment under Rule 55(b)(2). (Doc. No. 28).

## II. LEGAL STANDARD

"The decision to enter a default judgment under Rule 55(b)(2) lies in the district court's sound discretion." Mucerino v. Newman, No. 3:14-CV-00028, 2017 WL 387202, at *2 (M.D. Tenn. Jan. 26, 2017). Courts rely on a variety of factors to evaluate whether default judgment is appropriate, such as "the merits of the plaintiff's claim," the "sufficiency of the complaint," and "whether the default was due to excusable neglect." Id. In their evaluations, courts "accept[] as true the well-pleaded allegations of the complaint." Annette v. Haslam, No. 3:18-CV-1299, 2020 WL 2520512, at *1 (M.D. Tenn. May 18, 2020); see also In re Family Resorts of America, Inc., No. 9104127, 1992 WL 174539, at *4 (6th Cir. July 24, 1992).

## III. ANALYSIS

Default judgment is appropriate based on the merits of Allstate's claim, the sufficiency of the Complaint, and the lack of excusable neglect for Bo Evans' default.

The merits of Allstate's claim support default judgment. Under James Evans' insurance policies, Allstate only provides coverage for bodily injuries "arising from an occurrence." (Doc. No. 1-2 at 29; Doc. No 1-3 at 17). To qualify as an "occurrence," an incident leading to bodily injury must be an "accident." (Doc. No. 1-2 at 29 (setting forth the homeowner insurance policy's

---

[1] Although James and Caren Evans were originally defendants in this lawsuit (Compl. ¶ 4), the claims against them were dismissed on October 13, 2021 (Doc. No. 31).

definition of an occurrence); Doc. No. 1-3 at 6, 17 (explaining the umbrella insurance policy only covers losses for bodily injury that are also covered under an underlying insurance policy, like the homeowner insurance policy)). Allstate alleges the shooting at issue is not covered because it was "not an accident."[2] (Doc. No. 1 ¶ 47). Accepting this allegation "as true," as the Court must, Haslam, 2020 WL 2520512, at *1, the merits of Allstate's claim weigh in favor of default judgment.

The "sufficiency of the complaint" also favors default judgment. Mucerino, 2017 WL 387202, at *2. The Complaint sets forth a detailed claim for relief and includes, as attachments, James Evans' homeowner and umbrella insurance policies. (See Compl. ¶¶ 1–37; Doc. No. 1-2; Doc. No. 1-3). The text of those policies supports the Complaint's allegations regarding the types of injuries Allstate must cover. (Doc. No. 1-2 at 29; Doc. No. 1-3 at 6, 17).

Finally, "the lack of evidence" that Bo Evans' "default was due to excusable neglect" weighs in favor of default judgment. See Exec. Corp. v. Oisoon, LLC, No. 3:16-CV-00898, 2017 WL 4310113, at *5 (M.D. Tenn. Sept. 28, 2017). Bo, James, and Caren Evans all were served with the Complaint in this matter. (Doc. Nos. 6, 11, 12). James and Caren Evans filed an answer. (Doc. No. 22). Bo Evans did not. He also did not request a deadline extension. Absent some indication Bo Evans was "unable to file" or missed his deadline "in good faith," the Court has no reason to believe his default stemmed from excusable neglect. See Bridgestone Brands, LLC, No. 15-CV-00857-JPM-BDH, 2017 WL 11476333, at *5 n.2 (M.D. Tenn. Apr. 27, 2017).

---

[2] Allstate also alleges it need not indemnify Bo Evans because (1) the umbrella policy does not cover punitive or exemplary damages, (2) the umbrella policy does not cover damages for injuries arising from the use of illegal drugs, and (3) Bo Evans was consuming illegal drugs at the time of the shooting. (Compl. ¶¶ 48–54). The text of the umbrella policy supports the first two allegations. (Doc. No. 1-3 at 17, 20). And the Court accepts the third allegation as true as required at this stage. See Haslam, 2020 WL 2520512, at *1.

## IV. CONCLUSION

For the foregoing reasons, Plaintiffs' Motion for Default Judgment (Doc. No. 28) as to James "Bo" Evans III is **GRANTED**.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE